UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA MCCLINTOCK,

   Plaintiff,         Hon. Ellen S. Carmody

v.

                Case No. 1:17-cv-332

COMMISSIONER OF
SOCIAL SECURITY,

   Defendant.
_____/

## **OPINION**

   This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

   Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation

omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 30 years of age on her alleged disability onset date. (PageID.1315). She successfully completed high school and worked previously as a cashier, sales clerk, and retail customer service worker. (PageID.1113). Plaintiff applied for benefits on October 15, 2013, alleging that she had been disabled since September 28, 2012, due to scoliosis, plantar fasciitis, back pain, and foot pain. (PageID.1315-22, 1342). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.1213-1312).

On March 5, 2015, Plaintiff appeared before ALJ Donna Grit with testimony being offered by Plaintiff and a vocational expert. (PageID.1145-1211). Plaintiff thereafter submitted additional medical evidence in response to which the ALJ conducted a supplemental hearing on January 28, 2016, at which Plaintiff and a vocational expert testified. (PageID.1122-44). In a written decision dated February 18, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.1103-15). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.1060-66). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step

---

[1]  1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

   2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

   3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

   4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

   5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) scoliosis; and (2) degenerative changes of the thoracic and lumbar spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.1106-07). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) she can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; (2) she can occasionally balance, stoop, kneel, and crouch, but can never crawl; and (3) she must be permitted to wear tennis shoes in the workplace. (PageID.1107).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964.

Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 140,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.1195-99). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). The vocational expert further testified that if Plaintiff were further limited to work which afforded a sit/stand option, there still existed approximately 70,000 jobs which Plaintiff could perform consistent with her RFC. (PageID.1199-1200). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.      **The ALJ's RFC Assessment is Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). As previously noted, the ALJ concluded that Plaintiff retained the ability to perform a limited range of sedentary work. Plaintiff argues that she is entitled to relief on the ground that the ALJ's RFC assessment is not supported by substantial evidence.

The ALJ recognized that Plaintiff experiences scoliosis and degenerative changes of her thoracic and lumbar spine; however, the evidence does not support the argument that these impairments impose limitations greater than the ALJ recognized. Physical examinations of Plaintiff's back and spine have not revealed findings which are inconsistent with the ALJ's opinion. (PageID.1640-58, 1777-1856). Treatment notes dated February 25, 2014, indicate that Plaintiff "is to return to work without restrictions." (PageID.1792). X-rays of Plaintiff's cervical spine, taken March 26, 2015, revealed "tiny" spurs at C4-5, but were otherwise unremarkable. (PageID.1957). X-rays of Plaintiff's thoracic and lumbar spine, taken the same day, revealed "mild" scoliosis and "mild" degenerative arthritis, but were otherwise unremarkable. (PageID.1958-59). Plaintiff also experiences plantar fasciitis, but again there is nothing in the record to suggest that such impairs her to a degree beyond that recognized by the ALJ. (PageID.1623-24, 1679-86, 1779-1856). Finally, Plaintiff argues that the ALJ erred by failing "to incorporate [into her RFC assessment] the limiting effects of [her] absenteeism." The medical record, however, does not support Plaintiff's argument that her medical impairments result in a work-preclusive number of work absences. Accordingly, this argument is rejected.

**II.     The ALJ Properly Evaluated the Opinion Evidence**

On December 16, 2010, Dr. Harold Wakefield complaint a "Request for Leave of Absence – FMLA" form for Plaintiff's then current employer. (PageID.1859-62). The doctor indicated that Plaintiff required "medical leave" from December 16, 2010, through June 6, 2011, so that she could attend chiropractic treatment for her scoliosis and thoracic spine pain. (PageID.1859-62). Plaintiff argues that she is entitled to relief because the ALJ's decision to discount the opinion of her treating physician is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating

physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Plaintiff's argument fails for three reasons. First, a review of the FMLA forms in question reveals that Dr. Wakefield did not articulate a medical opinion. In this context, a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2). Dr. Wakefield did not articulate any functional limitations from which Plaintiff allegedly suffered. Instead, the doctor

9

reported that it was "unknown" the extent to which Plaintiff was impaired and that instead, "if the flare ups are bad [Plaintiff] will be asked to come in and be evaluated and we will give recommendations at that time." (PageID.1862).

Second, as the ALJ indicated, the FMLA forms in question concerned a period of time more than two years prior to Plaintiff's alleged disability onset date and, therefore, were not relevant. (PageID.1112). Finally, to the extent the FMLA forms in question are interpreted as asserting that Plaintiff is more limited than the ALJ recognized, such is contradicted by the medical record. Accordingly, this argument is rejected.

**III.     The ALJ Properly Evaluated Plaintiff's Impairments**

As noted above, the ALJ determined that Plaintiff suffers from multiple severe physical impairments. Plaintiff argues, however, that she is entitled to relief because the ALJ failed to also find that she suffers from a severe cervical pain and plantar fasciitis. At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. Where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"). A review of the ALJ's decision makes clear that she considered the entire record and all Plaintiff's impairments and limitations. Moreover, the ALJ's RFC assessment is

supported by substantial evidence. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date: May 8, 2018  /s/ Ellen. S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge